George Beisheim, Jb., J.
The People have procured an order to show cause pursuant to CPLR 2308 to compel the three respondents to answer certain questions asked of them by an Assistant District Attorney before the Grand Jury of Westchester County; or in the alternative to commit the respondents to the custody of the Warden of the County J ail until they shall have appeared again before the Grand Jury and answered the questions. The questions concern an investigation by the Grand Jury of alleged official corruption on the part of a captain in the City of Yonkers Police Department.
When the respondent, Landis Chambers, appeared before the Grand Jury pursuant to subpoena, he was advised by the foreman as follows: “ Mr. Witness: As Foreman of this Grand Jury I advise you that by virtue of your appearance here by subpoena and with respect to any testimony that you might give that might incriminate you that you have received testimonial immunity by operation of law and this means that no testimony that you give here, if it be truthful, can be used against you in any prosecution or any other proceeding against you. However, I further advise you that the Grand Jury has not voted to give you, nor are you being given, statutory transactional immunity and that your appearance and testimony here does not in any way prevent your prosecution for violations of the law of this State. Provided, however, that no testimony that you give here may be used against you. Accordingly, I advise you that you have no right to refuse to answer on the grounds of self-incrimination.”
The respondents, David Mack and Jesse Pugh, who also appeared before the Grand Jury pursuant to subpoena, were *60 advised in substantially the same manner as was the respondent Chambers. All three respondents refused to answer the questions put to them on the ground that their answers might tend to incriminate them.
The People contend that by virtue of the receipt of testimonial immunity, the respondents will no longer have rights against self incrimination with respect to these proceedings and are obliged to answer the questions asked of them before the Grand Jury, and their refusal to do so constitutes a contempt.
The respondents maintain that they are not subject to contempt of court for their refusal to answer the questions put to them before the Grand Jury until such time as the Grand Jury shall have granted them statutory transactional immunity pursuant to section 619-c of the Code of Criminal Procedure (former Penal Law, § 2447).
Respondents, of course, would have received constitutional testimonial immunity if they had testified before the Grand Jury (People v. Laino, 10 N Y 2d 161; People v. Steuding, 6 N Y 2d 214). They did not receive, and were informed by the foreman of the Grand Jury that they were not being granted, statutory transactional immunity pursuant to section 619-c of the Code of Criminal Procedure.
The People argue that in accordance with the holding in People v. La Bello (24 N Y 2d 598), nothing in the United States or New York State Constitutions requires the granting of statutory transactional immunity as a conditional predicate to forcing a witness to testify under the threat of contempt, and accordingly if the witness is granted constitutional testimonial immunity his right against self incrimination has been protected, and he may thereafter properly be compelled to testify. We agree that there is language in People v. La Bello (supra, p. 602) in support of the People’s argument, to wit: “ Time has shown that this ' transaction ’ immunity type of statute was unnecessarily broad, that it gives witnesses an immunity not required by the Constitution and that it has the effect of giving an unnecessary ‘ gratuity ’ to crime. Where the People have a completely good case against a defendant without his testimony, there is not a single, sound policy reason, nor is there a constitutional compulsion, requiring that a grant of immunity gain a witness complete freedom from criminal liability for his wrongful acts simply because the acts were at some point mentioned to the Grand Jury (People v. Laino, 10 N Y 2d 161, 173). If he is protected from the use of his testimony or the fruits thereof, he loses nothing if he is then convicted on independent and *61 untainted evidence ”; and (p. 604): “ Following Justice Holmes’ approach in the Heihe case {supra), we conclude that the Legislature, in passing section 2447, did not intend it was to be an amnesty statute, but desired to afford witnesses only that immunity demanded by the constitutional privilege. Specifically, section 2447 of the former Penal Law (see Code Grim. Pro. §§ 619-c, 619-d, 619-e) only bars the use of the witness’ testimony and any evidence derived therefrom.”
This court believes, however, that the foregoing quoted portions of the La Bello decision were dicta, and not the holding of the ease. The court also believes that the Court of Appeals in Matter of Gold v. Menna (25 N Y 2d 475, 481) was referring, among others, to the portions of the La Bello opinion herein-before quoted when it said: ‘ ‘ For, despite the statements to the contrary in People v. La Bello (24 N Y 2d 598), the applicable immunity statute provides, in so many words, that a person, upon whom immunity is conferred, ‘ shall not be prosecuted or subjected to any penalty * * * for or on account of any transaction, matter or thing concerning which * * * he gave answer or produced evidence ’ (Code Grim. Pro., § 619-c, subd. 2). The court has, indeed, expressly recognized that this Code provision and its identical provision in the former Penal Law (§ 2447), granted a transactional immunity from prosecution for any crime revealed by a witness ’ testimony before a Grand Jury. (See People v. lanniello, 21 N Y 2d 418, 425, cert, den. 393 U. S. 827; People v. Tomasello, 21 N Y 2d 143, 149; see, also, 1942 Report of N. Y. Law Rev. Comm., pp. 386-390; N. Y. Legis. Doc., 1942, No. 65 [I], pp. 50-54.) We now reaffirm this interpretation and hold that to whatever extent People v. La Bello (24 N Y 2d 598, supra) is inconsistent with this conclusion, it is overruled. ’ ’
In this court’s view, as long as section 619-c of the Code of Criminal Procedure is in effect in its present language, a witness called to testify before a Grand Jury in connection with the investigation of any crime prescribed in section 619-d of the Code of Criminal Procedure is not subject to contempt for failure to answer questions unless he has received statutory transactional immunity, not merely constitutional testimonial immunity. This is so as a matter of legislative intent in the enactment of sections 619-c and 619-d aforesaid. To hold otherwise would be to make section 619-c meaningless and without purpose.
This decision is not inconsistent in any way with the prior decision of this court in People v. Gasparino (61 Misc 2d 1076) *62 (article 78 proceeding to prohibit prosecution of the indictment denied and dismissed on the merits, 35 A D 2d 1087), since, in the Gasparino case, the crime being investigated was not one prescribed in section 619-d.
The motion of the People is in all respects denied.